974 So.2d 13 (2007)
Julie FENKEL Wife of/and Robert Fenkel and Jannette Elizabeth Fenkel
v.
ST. PAUL MERCURY INSURANCE COMPANY, Brian McAllister, Safeco Insurance Company, United States Automobile Association Insurance Company, American Family Insurance Company, AIG Technical Services, Inc. and Illinois National Insurance Company.
No. 07-CA-442.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2007.
Robert L. Manard, III, Paul E. Mayeaux, New Orleans, LA, for Plaintiff/Appellant.
Michael R. Sistrunk, Kyle P. Kirsch, Matthew J. Garver, McCranie, Sistruk, Anzelmo, Hardy, Maxwell & McDaniel, George J. Richaud, Young, Richard & Myers, Metairie, LA, Robert I. Siegel, Brendon P. Doherty, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., THOMAS F. DALEY, and WALTER J. ROTHSCHILD.
EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by plaintiffs from a summary judgment dismissing their claims for uninsured/underinsured coverage on various automobile liability insurance policies. The trial judge, applying choice of law principles, determined that the policies *14 were governed by Maryland and Colorado laws, and that under those laws no UM coverage was provided in the respective policies. For the following reasons we affirm that judgment.
The operative facts are not disputed. Robert Fenkel, plaintiff, was driving a rental car on the interstate highway when he was struck head on by a speeding Corvette which crossed the median. Fenkel suffered severe injuries. The driver of the Corvette, Brian McAllister, was allegedly intoxicated and his passenger was killed. The investigation at the scene showed that McAllister's car had made contact with a third vehicle, driven by Jacquelyn Hampton before shooting across the median.
Fenkel is a Colorado resident who was in New Orleans for a national trade show at the behest of his employer, Arinc, Inc., a Delaware corporation with its principal place of business in Maryland. Although Arinc does business nationwide, including in Louisiana, it has no office in this state and has not been licensed here since 1984. McAllister is an Illinois resident who had been working in the New Orleans area for about a month prior to the accident. Hampton is a Louisiana resident.
Fenkel, his wife, and his daughter sued numerous insurers. McAllister's liability insurers settled the matter for $1,300,000. Arinc's primary automobile liability insurer, St. Paul Mercury Insurance Co., also settled with plaintiffs for $1,000,000 under the UM portion of its policy. Plaintiffs sought further UM recovery against United Services Automobile Association, Fenkel's personal automobile insurer, and the excess insurers of Arinc, National Union Fire Insurance Co. of Pittsburg, Pa. and Ohio Casualty Insurance Co. These three insurers moved for summary judgment, arguing that under Colorado law USAA was not liable for UM coverage, and under Maryland law National Union and Ohio Casualty were similarly not liable. The trial judge agreed that Colorado and Maryland insurance laws were applicable, and therefore no UM coverage was available under the policies. He thus granted summary judgment in favor of these insurers. This appeal followed.
It is clear that under Colorado and Maryland automobile insurance laws the policies at issue do not provide further UM coverage for this accident, although under Louisiana law they arguably would. Unlike Louisiana, Colorado law, C.R.S.A. Sec. 10-4-609(5), provides that the UM carrier is entitled to an offset of any funds paid to its insured up to the underlying limits of UM coverage. Here, the USAA policy was for $100,000. Because plaintiffs received more than this amount from other sources, USAA's UM liability was exhausted under Colorado law. While Maryland, like Louisiana, requires that in basic insurance policies there must be a written waiver of UM coverage, Maryland, unlike Louisiana, permits an exclusion of UM in excess policies to be simply written into the policy, Md.Code Ann., Insurance Section 19-509(h)(1). The policies at issue here did so exclude UM coverage, and under Maryland law this exclusion was valid.
The issue in this case is thus what laws to apply. Conflicts of laws relating to conventional obligations are governed by La. Civ.Code art. 3537:
Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of: (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, *15 formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.
As to the Colorado policy written by USAA, the above factors overwhelmingly support application of Colorado laws. The policy was written and delivered in Colorado, Frankel is a Colorado resident, it is clear that the parties contemplated application of these laws, and it is equally clear that neither party contemplated that another state's laws would apply to the policy.
The Maryland policies are more complex in origin, but the result is the same. Arinc's basic automobile liability policy was written by St. Paul Mercury Insurance Co., and included UM coverage. National Union had in effect an umbrella policy for $25,000,000, which specifically excluded "[a]ny obligation of the insured under a "No Fault," "Uninsured Motorist," or "Underinsured Motorist" law." This policy was purchased by Arinc and delivered in Maryland, Arinc's principal place of business. Ohio Casualty had in effect an additional excess policy above the National Union policy and which insured against the same risk contained in, the National Union policy. This policy was also purchased and delivered in Maryland. As noted above, Arinc is a Delaware corporation with its principal place of business in Maryland. Thus as an initial matter application of Maryland law is clearly indicated here.
On the other hand, Louisiana has very little interest in this matter. Frankel is a citizen of Colorado and employed by a corporation with its principal place of business in Maryland. This company owns no automobiles garaged in Louisiana, nor does it supply automobiles to its employees. While it at one, time was licensed in Louisiana, that is no longer the case, and it has no office in this state. McAllister, the tortfeasor, is an Illinois resident. All of the insurance policies at issue in this appeal were purchased and delivered in other states. The only two contacts which Louisiana has to this litigation are 1) that the accident occurred here, and 2) a Louisiana resident, Jacquelyn Hampton, was peripherally involved in the accident. However, although Hampton was third-partied by USAA, she has no interest in the issue raised in the present appeal.
Considering all of the above circumstances we conclude that the trial judge was correct in applying the laws of Colorado and Maryland to this incident, and that the summary judgment dismissing the case as to United Services Automobile Association, National Union Fire Insurance Company of Pittsburg, Pa., and Ohio Casualty Insurance Company, is hereby affirmed.
AFFIRMED.